**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-20583-KMM

TAMARA WALKES,

     Plaintiff,

v.

NCL (BAHAMAS) LTD,

     Defendant.

                                  /

## <u>ORDER</u>

THIS CAUSE came before the Court upon Defendant NCL (Bahamas) Ltd.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint. ("Mot." or the "Motion") (ECF No. 13). Plaintiff Tamara Walkes ("Plaintiff") filed a Response in opposition to the Motion, ("Resp.") (ECF No. 15), and Defendant filed a Reply in support of the Motion, ("Reply") (ECF No. 16). The Motion is now ripe for review. As set forth below, the Court GRANTS the Motion.

## I.     BACKGROUND[1]

On or about February 19, 2025, Plaintiff was on vacation as a fare-paying passenger aboard Defendant's cruise ship, the *Norwegian Epic* (the "Vessel"). Am. Compl. ¶¶ 8–9. While ascending stairs on the Vessel up from the pool deck to the sun deck, Plaintiff "slipped in a dirty, slippery liquid and/or some other foreign transitory substance on the floor and fell to the ground." *Id.* ¶ 10. As a result of her fall, Plaintiff alleges she "has suffered severe physical pain, mental

---

[1] The following facts are taken from Plaintiff's Amended Complaint ("Am. Compl.") (ECF No. 12) and are accepted as true for purposes of ruling on the Motion to Dismiss. *See MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022).

suffering and anguish; has suffered permanent injury; has been prevented in the future and will be hindered from attending to her business and personal affairs." *Id.* ¶ 20.

Plaintiff filed suit against Defendant in this Court on January 29, 2026. *See generally* (ECF No. 1). In her Amended Complaint, Plaintiff sues Defendant for counts of negligent maintenance and negligent failure to warn. Am. Compl. ¶¶ 18–25. Defendant filed the instant Motion seeking to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* Mot.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic

recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   DISCUSSION

As an initial matter, Plaintiff's negligence claims arise under general maritime law because "the alleged tort[s] [were] committed aboard a ship sailing in navigable waters." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citations omitted). "In analyzing a maritime tort case, [the Court] relies on general principles of negligence law." *Chapparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (internal quotations omitted). At the motion to dismiss stage, a plaintiff must generally plead facts sufficient to plausibly allege that: "(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *See id.*; *see also Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019).

In the maritime context, a plaintiff must demonstrate that "the [shipowner] [] had actual or constructive notice of [a] risk-creating condition." *Keefe*, 867 F.2d at 1322. "Actual notice exists when the defendant knows about the dangerous condition." *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). In contrast, constructive notice exists where a plaintiff demonstrates that substantially similar incidents occurred under substantially similar conditions. *Guevara*, 920 F.3d at 720. Constructive notice may also exist where "the shipowner ought to have known of the peril to its passengers" because the "hazard [had] been present for a period of time so lengthy as to invite corrective measures." *Keefe*, 867 F.2d at 1322.

3

Here, Defendant argues Plaintiff's Amended Complaint should be dismissed in its entirety because Plaintiff has failed to adequately allege notice.  Mot. at 2–5.  In response, Plaintiff argues dismissal is not warranted, because she has established Defendant had notice of the dangerous condition based on the following allegations:  the liquid being dirty and present on a staircase heavily used by passengers; the crew failing to properly inspect, maintain, and clean the subject area; Defendant knowing the pathway would be frequently traveled by passengers; and Defendant's crew taking corrective measures related to the condition.  Resp. at 3; Am. Compl. ¶¶ 10–11, 13–14.  In response, Defendant argues that these allegations are not sufficient to plead constructive notice.  Reply at 1.  The Court finds that Plaintiff's allegations regarding constructive notice are conclusory and wholly insufficient, even at the motion to dismiss stage.

The Court finds that Plaintiff's attempt to plead constructive notice by relying on corrective measures that Defendant undertook is insufficient.  Plaintiff's only allegation speaking to corrective measures is the following:  "Defendant, by and through corrective measures taken by its crew, was on notice of the condition of the stairs that caused Plaintiff's fall."  Am. Compl. ¶ 14.  Plaintiff has not alleged what corrective measure Defendant employed, when it employed said corrective measure, or provided any facts as to how said corrective measure is connected to the dangerous condition relevant here.  *Cf. Guevara*, 920 F.3d at 721 ("Not all warning signs will be evidence of notice; there must also be a connection between the warning and the danger.").  By stating only that Defendant was on notice "by and through corrective measures," Plaintiff relies on the exact sort of conclusory allegation the Court cannot credit, even at the motion to dismiss stage.  *Jaharis*, 297 F.3d at 1188; *Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true[.]").  As such, the Court finds Plaintiff's allegation of constructive notice based on corrective measures is insufficient.

4

Plaintiff's other three arguments are best addressed together. In substance, Plaintiff argues that Defendant had notice because the slippery liquid was visibly dirty and in an area that Defendant knows to be heavily-trafficked, and that Defendant nevertheless failed to properly clean the area. Resp. at 3. These allegations, too, are wholly insufficient to survive dismissal. In *Holland*, the plaintiff alleged that he slipped on a slippery substance on a staircase in a highly-trafficked area of his cruise ship. 50 F.4th at 1095. He further alleged that crewmembers working in the area had "a clear unobstructed view of the staircase," where people frequently fell, and he alleged that the defendant cruise liner in that case was aware of these frequent falls. *Id.* Finally, he alleged that the crewmembers present at the time of his fall had "been present in their shops for approximately four hours or more," and that regulatory agencies had implemented safety standards applicable to the subject staircase. *Id.* at 1095–96. In sum, the Court finds that the amended complaint in *Holland* contained significantly more allegations, with more detail, than the Amended Complaint in the instant case. The Eleventh Circuit nevertheless held that the plaintiff in *Holland* failed to sufficiently plead constructive notice. *Id.* at 1096. Instead, the plaintiff had alleged only enough to establish the possibility that the defendant had constructive notice, not that it was *plausible*. *Id.* In the instant case, Plaintiff has alleged facts with significantly less specificity and in an even more conclusory fashion than the plaintiff in *Holland*. As such, the Court finds Plaintiff has come significantly short of sufficiently pleading Defendant had constructive notice of the dangerous condition and has failed to state a plausible claim for relief.

## IV.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 13) is GRANTED. Plaintiff's

Amended Complaint (ECF No. 12) is DISMISSED WITHOUT PREJUDICE.  Should Plaintiff choose to file another amended complaint, she may do so within twenty-one (21) days of the date of this Order.  This will be her final opportunity to amend her complaint.  The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __27th__ day of March, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record